Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2595 | **DATE** | 3/6/2003 |
| **CASE TITLE** | CARPENTERS, ET AL vs. D K ENVIRONMENTAL SYSTEMS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ Local Rule 41.1　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry]　**Motion (6-1) for summary judgment is granted/denied in part.**
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 10 2003 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| DW | courtroom deputy's initials | 03 MAR -7 AM 9:11 | | |
| | | 01 03- Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CHICAGO DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, et al.,

    Plaintiffs,

v.

DK ENVIRONMENTAL SYSTEMS, INC.,

    Defendants.

No. 02 C 2595
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Taft-Hartley Act. 29 U.S.C. §§ 1132 and 185. The Chicago and Northeast Illinois District Council of Carpenters ("Union") entered into an agreement with DK Environmental Systems, Inc., under which DK agreed to submit monthly reports listing the number of hours worked by its carpenter employees and to pay fringe benefits to the Union's Trust Funds based upon these listed hours. Pursuant to a Freedom of Information Act request, the Trust Funds obtained certified payroll documents, which indicated hours worked by DK's carpenter employees. Once the Trust Funds received these documents, they were able to determine that the monthly reports submitted by DK allegedly understated the amount of hours worked by its carpenter employees and subsequently failed to pay $28,726.10 in contributions for the period of March 2001 through December 2001. As a result of their findings, the Trust Funds filed suit against DK.[1] On or about December 11, 2002, the Trust Funds served DK with several

---

[1] Trust Funds stand in the position of a third party beneficiary to a collective bargaining agreement, with the ability to enforce the agreement in their own right. *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148 (7th Cir. 1989).

discovery requests, including a request for admissions. Within this request was a specific request for DK to admit that it failed to pay the aforementioned $28,726.10 plus statutory damages. DK failed to respond or deny the admission within 30 days. On the basis of this failure to deny, the Trust Funds moved for summary judgment. In response, DK moved for leave to file an answer to the Trust Funds' original request for admissions denying that it owes the entire amount.

DK's Motion for Leave to File an Answer

Pursuant to Federal Rule of Civil Procedure 36, DK's failure to respond to the Trust Funds' request for admissions within 30 days deems the requested admissions admitted. *See United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987). While this is a true statement of the law, I believe that its application in the present case would be too harsh a penalty to impose on DK, especially in light of the fact that the request was served simultaneously with other discovery. DK freely admits that it neglected the request for admission, and similar neglect was the same basis on which leave to file a late answer to a request for admission was granted in *Marshall v. Sunshine and Leisure, Inc.*, 496 F. Supp. 354 (M.D. Fla. 1980). While I do not condone DK's behavior, I see no reason why I should not exercise discretion to allow them to file a late answer to the request for admission as the court did in *Marshall*. *See also Ameribanc Sav. Banks, F.S.B. v. Resolution Trust Corp.*, 858 F.Supp. 576 (E.D. Va. 1994). Accordingly, I grant leave and hereby incorporate DK's answer to the request, filed *instanter*, into the summary judgment record.

Trust Funds' Summary Judgment Motion

Summary judgment is appropriate if there is no genuine issue of material fact thus entitling the Trust Funds to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if there is sufficient evidence for a jury to return a verdict in favor of DK on any particular issue. *Methodist Medical Center of Illinois v. American Medical Sec. Inc.*, 38 F.3d 316, 319 (7th Cir. 1994). For the purposes of this motion, I must draw all justifiable inferences in the light most favorable to DK and must resolve any doubt against the Trust Funds. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The Trust Funds claim that, based on DK's failure to answer its request for admissions, it is undisputed that they are owed $28,726.10 from March 2001 through December 2001. DK denies that it owes the entire amount,[2] but this blanket denial does not entirely preclude summary judgment because it is undisputed that DK owes at least $22,558.06 of the amount for November and December 2001 and $5,4441.94 in statutory damages. As such, summary judgment is appropriate as it relates to these amounts and is thus granted in favor of the Trust Funds. *Hedberg v. Indiana Bell Telephone Co., Inc.*, 47 F.3d 928 (7th Cir. 1995); *Transportation Communications Intern. Union v. CSX Transp., Inc.*, 30 F.3d 903, 904 (7th Cir. 1994). Summary judgment is inappropriate, however, as to the remaining $6,168.04 allegedly owed from March 2001 through October 2001 and any statutory damages for this amount. As such, summary judgment is denied as it relates to these amounts.

---

[2] I find that DK was given proper notice of the motion, and even if not, they suffered no prejudice.

3

For the reasons above, DK's Motion for Leave of Court to Respond to Plaintiff's Request to Admit Pursuant to Rule 36(B), *Instanter* is GRANTED and the Trust Funds' Motion for Summary Judgment is GRANTED in part and DENIED in part.

ENTER:

James B. Zagel
United States District Judge

DATE: MAR 0 6 2003

4